UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION

ORAL WILSON,

               Plaintiff,                         MEMORANDUM
   -against-                                    AND ORDER

NYPD City of N.Y. 75 & 69 Pct.; P.O.         09-CV-1105 (KAM)
SEAN EHAH, Shield 31770, 75 Pct.;
DT. PATRICK ANGST, Shield 01813, 75 Pct.;
DT. EMMANUEL KATANAKIS,

               Defendants.
----------------------------------------------------------X
MATSUMOTO, United States District Judge:

Plaintiff Oral Wilson, incarcerated at Ogdensburg Correctional Facility, filed this *pro se* action dated October 14, 2008, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in the United States District Court for the Southern District of New York. By Order dated February 23, 2009, the complaint was transferred to this Court as the alleged events occurred in Kings County. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## Background

Plaintiff alleges that on December 22, 2006, he "was shot by an unknown assailant coming out of a friend's bathroom." Compl. at attached p.1. He alleges that he subsequently left the premises and hailed a cab to the hospital where he spoke with detectives who did not place him under arrest. Id. at attached p.2. However, plaintiff alleges that two days later, he was visited by other detectives who told him to go to the 75th Precinct to look at mug shots. Id. at attached p.3. While at the 75th Precinct, plaintiff alleges that he identified another person who was in the apartment when he was shot. Id. Thereafter, plaintiff alleges he was falsely arrested. Plaintiff further alleges that he went to trial and was convicted based on false testimony. Id. at attached p. 5. He seeks damages and injunctive relief.

## Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

In addition to the police officers associated with his allegedly unlawful arrest, plaintiff also names the New York City Police Department, including the 75th and 69th Police Precincts. Compl. at 1. These defendants are agencies of the City of New York and cannot be sued independently. Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000); Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002); Bailey v. New York City Police Dep't, 910 F.Supp. 116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396. Thus, to the extent plaintiff names the New York City Police Department and its Police Precincts, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against defendants New York City Police Department, the 75th Police Precinct and the 69th Police Precinct pursuant to 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants.

The complaint shall proceed as to the remaining defendants. See Wallace v. Kato, 594 U.S. 384, 391 (2007). The Clerk of Court is directed to issue a summons against the remaining defendants and the United States Marshals Service is directed to serve the summons, complaint and a copy of this Memorandum and Order without prepayment of fees upon the remaining defendants. A courtesy copy of the same papers shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). SO ORDERED.

Dated: Brooklyn, New York
April 22, 2009

KIYO A. MATSUMOTO
United States District Judge